UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jonathan A. Larson,<br><br>  Plaintiffs,<br>vs.<br><br>The United States of America, et al.,<br><br>  Defendant. | Case No. 2:25-cv-01312-JAD-MDC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS CASE** |

On 9/23/25, the magistrate judge entered this report and recommendation [ECF No. 4]:

The Court previously ordered the plaintiff to either pay the filing fee or file an in forma pauperis ("IFP") application. *ECF No. 3*. Plaintiff has not filed anything or paid the filing fee, and the deadline to do so has passed. It appears that plaintiff has abandoned this case. The Court recommends that this case be dismissed.

**I.  LEGAL STANDARD**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460

F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

## II. ANALYSIS

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's case. Plaintiff has chosen not to comply with this Court's Order. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a Court order does not satisfy this factor); accord *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the Court's Order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

This Court cannot operate without collecting reasonable fees and litigation cannot progress without a plaintiff's compliance with Court orders. The only alternative is to enter another order setting another deadline. Issuing another order, however, will only delay the inevitable and further squander the

Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. The fifth factor favors dismissal.

After weighing these dismissal factors, the Court finds that they weigh in favor of dismissal. Plaintiff has apparently abandoned this case. For the reasons discussed in this Order and the Court's earlier Order (*ECF No. 3*), plaintiff's case should be dismissed.

IT IS RECOMMENDED THAT this case be DISMISSED.

Dated: September 23, 2025.

Hon. Maximiliano D. Couvillier
III United States Magistrate Judge

**ORDER**

The deadline for any party to object to this recommendation was 10/07/2025, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 4] is ADOPTED in its entirety, and THIS CASE IS DISMISSED** for the reasons stated in the report and recommendation. The Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: October 10, 2025